IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND NORMENT, | : CIVIL ACTION |
| [567-453]          Petitioner | : |
| | : |
| V. | : |
| | : |
| MR. BLACKMON, et al., | : NO. 06-CV-3200 |
|          Respondents | : |

**REPORT AND RECOMMENDATION**

M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE                              April 11, 2007

Presently before this court is a *pro se* petition for writ of habeas corpus filed, pursuant to 28 U.S.C. §2254. Petitioner is currently incarcerated at the Alternative and Special Detention Center in Philadelphia, PA, where he is serving the remainder of his sentence for a 1996 conviction for indecent assault and the corruption of a minor, and his subsequent parole and probation violations.

**BACKGROUND [1]**

On August 14, 1996, Raymond Norment, Petitioner, pled guilty to charges of indecent assault and the corruption of a minor ["molestation case"].[2] *Respondents' Consolidated Response* [Docket Entry #10] at Exhibit AA (Superior Court Opinion dated September 7, 2006) at p. 2. He was sentenced by the Honorable Albert John Snite, Jr. of the Court of Common Pleas of Philadelphia County, on that date, to a term of "time served" to twenty-three months imprisonment, to be followed by three years of consecutive reporting probation. He was immediately released on parole, and then on probation. *Id.* at Exhibit G.

---

[1] The facts in this discussion have been taken from Mr. Norment's habeas petition and the Respondents' *Consolidated Response*.
[2] 18 Pa.C.S.A. §§3126 and 6301 respectively.

1

On May 8, 1999, while still on probation for the molestation case, Petitioner nearly hit two police officers while driving a stolen car. Mr. Norment was arrested for the unauthorized use of a motor vehicle ["vehicle crime" or "vehicle case"]. *Id.* at Exhibit AA.

On July 26, 1999, Petitioner was convicted of unauthorized use of an automobile. He was sentenced by the Honorable Seamus P. McCaffery of the Philadelphia Municipal Court to six to twelve months incarceration, and ordered to pay $4,000 in fines and costs. *Id.* at Exhibit C. Petitioner appealed to the Court of Common Pleas for a trial *de novo*, which was granted on August 23, 1999. *Id.*

On November 17, 1999, Mr. Norment pled guilty to the unauthorized use of a vehicle. *Id.* at Exhibit E. Sentencing was deferred because the car had been damaged while in Petitioner's possession, and the car's owner, Ms. Simmons, wished to testify as to damages in order to make a case for restitution.

Petitioner was released on bail pending the deferred sentencing scheduled for January 6, 2000. Petitioner failed to appear for that court date, and on February 17, 2000, a bench warrant was issued for his arrest by the Honorable Gwendolyn Bright of the Court of Common Pleas of Philadelphia County. *Id.* at Exhibit F.

On March 14, 2000, Mr. Norment was arrested. *Id.* at Exhibit G. Because his new arrest and conviction for the vehicle crime was a direct violation of his probation on his molestation case, on April 14, 2000, Judge Snite revoked his probation and sentenced Petitioner to the remainder of his original term of imprisonment, six to twenty-three months imprisonment, with eligibility for work release. *Id.* at Exhibit H.

On April 20, 2000, Judge Bright withdrew the bench warrant issued in the vehicle case and sentenced Petitioner to a term of "time served" to twenty-three months incarceration for that crime with immediate parole and ordered him to pay $1,000 restitution to the owner of the vehicle.  Mr. Norment did not appeal.

Petitioner was returned to the county jail to serve out the remainder of Judge Snite's April 14, 2000 sentence for violating probation on the molestation case.  On October 14, 2000, Petitioner was paroled from that case.

As of October 2, 2001, Petitioner had failed to pay the $1,000 restitution in the vehicle case and had stopped reporting to his county parole officer, placing him in violation of the terms of his parole in both cases.  A violation of parole hearing was scheduled before Judge Snite on February 12, 2002.  Petitioner again did not appear.  After a second date on February 23, 2002, a bench warrant was issued and wanted cards were ordered.  *Id.* at Exhibit V.

Mr. Norment was eventually arrested on November 2, 2003.  On November 25, 2003, Judge Bright determined that Petitioner had violated the terms of his parole in his vehicle case by failing to report to his parole officer, for absconding, and for failing to pay the restitution.  *Id.* at Exhibit M.  Judge Bright revoked the terms of his parole and ordered that Petitioner serve any remaining backtime[3] of the maximum twenty-three month incarceration from the sentence originally imposed on the vehicle crime, after which he would be paroled to house arrest with electronic monitoring with daily release

---

[3] Backtime is "that part of an existing judicially-imposed sentence which the Board directs a parolee to complete following a finding after a civil administrative hearing that the parolee violated the terms and conditions of parole, which time must be served before the parolee may again be eligible for parole." *Krantz v. Commonwealth of Pennsylvania, Board of Probation and Parole*, 483 A.2d 1044, 1047 (Pa.Cmwlth. 1984).

3

so he could work in order to pay his remaining ordered restitution of $1,000 at the rate of $100 per month.  Petitioner did not appeal.

At that time, in error, Petitioner was not brought before Judge Snite for a violation hearing on the molestation case.  *Id.* at Exhibit V.  Petitioner was paroled to house arrest, per Judge Bright's order, on January 14, 2004.  *Id.* at Exhibit P.  When the error was discovered on February 7, 2004, Mr. Norment was re-incarcerated pending Judge Snite's violation hearing.

On April 6, 2004, Petitioner was brought before Judge Snite, who found that he had violated his parole in the molestation case because he had failed to report to his parole officer in 2000-2002 and missed a court appearance in February, 2002.  *Id.* at Exhibit AA.  Judge Snite sentenced him to serve the remaining backtime from his original sentence maximum (23 months) that had not already been served.  This was approximated to be 478 days, or until May 30, 2005, absent any further violations.  *Id.* at Exhibit N.  Petitioner did not appeal.

In April and May of 2004, Petitioner received letters from his probation/parole officer, reiterating that date, and stating that Judge Bright's vehicle case parole was due to expire on October 4, 2005, if Petitioner did not violate again.  *Id.* at Exhibit O.

Mr. Norment's public defender petitioned Judge Snite for early parole in the molestation case, acknowledging that the maximum date of the sentence was, at that time, May 30, 2005.  *Id.* at Exhibit P.  Hearings were held in June and July of 2004, during which Petitioner also sought reconsideration, alleging that he had failed to appear for his court dates in February of 2002 because he had been incarcerated at the time.  *Id.* at Exhibit V.

4

On August 23, 2004, Judge Snite re-paroled Petitioner, who had served approximately six months and ten days of the remaining time on the molestation case sentence. Mr. Norment was released from prison to parole, under house arrest.

On September 13, 2004, Petitioner was arrested for numerous house arrest violations. Another violation hearing was held before Judge Bright. *Id.* at Exhibit R. Petitioner's parole officer asked that Mr. Norment not have his parole revoked but merely continued, stating that the house arrest violations were minor. However, Petitioner still owed the $1,000 restitution. Judge Bright released Petitioner and continued his parole. Mr. Norment was ordered to report once a week for the first month, every two weeks for the next two months, and was directed to pay $50 per month towards the restitution for two months and $100 per month thereafter. Petitioner did not appeal.

On October 12, 2004, Petitioner tested positive for cocaine in his urine. *Id.* at Exhibit V. He was ordered to report back to his parole officer within one week. Instead, Mr. Norment absconded, severing all contact with the Court of Common Pleas Adult Probation and Parole Department. Wanted cards were issued.

On December 26, 2005, Petitioner was arrested for a new retail theft. *Id.* at Exhibit V. Petitioner was held on these open charges. This arrest, along with his disappearance in 2004, constituted violations of his parole on both his molestation and vehicle cases. Petitioner also had not yet paid the $1,000 restitution he owed, which amounted to a continuing violation.

On January 18, 2006, Judge Snite held a hearing and found Mr. Norment guilty of violating the terms of his parole on the molestation case. Judge Snite ordered him to

5

serve the remainder of the time he owed, which would end his supervision on or about October 9, 2006. *Id.* at Exhibit U.

Petitioner appealed this decision, raising the following two issues:

    a) since his parole was not revoked for technical violations (non-reporting) committed in 2002, and he was not recommitted to serve his backtime on April 6, 2004, the court erred in revoking his parole on January 18, 2006; and

    b) since the circumstances surrounding the parole revocation (January 18, 2006) had nothing to do with the 1996 charges for indecent assault and corruption of a minor, the court erred in revoking his parole.

*Id.* at Exhibit AA.

Judge Snite wrote an opinion for appellate review affirming the decision in April, 2006. He estimated that Petitioner's supervision would end on or about October 9, 2006. *Id.* at Exhibit V.

On May 16, 2006, the Defender Association filed a brief for Mr. Norment, certifying that there were no non-frivolous issues on appeal and requested to withdraw under *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981). *Id.* at Exhibit X.

On May 26, 2006, the most recent retail theft case was discharged for lack of prosecution. *Id.* at Exhibit Y.

On June 7, 2006, Petitioner appeared before Judge Bright for a violation of parole hearing on the vehicle case. *Id.* at Exhibit Z. The probation officer asked that Petitioner's probation be terminated and that the unpaid restitution be reduced to judgment. The Commonwealth opposed the request. *Id.* at Exhibit Z. Petitioner's public defender asked that his parole be terminated. The court found Mr. Norment to be in violation of his parole terms again and ordered him to serve the remainder of his sentence

imposed on April 20, 2000 in the county jail. The court also reduced the remaining restitution to judgment. Petitioner did not appeal.

Mr. Norment signed and dated two separate *pro se* petitions for federal habeas relief on July 12, 2006.[4] One petition relates to the indecent assault case and one petition relates to the vehicle case. In the instant petition, relating to the indecent assault case, he raises the following two issues for review:

> a) "Judge Snite probation expire in 2001. Originally on Aug. 14, 1996 on case CP#9512-0321 I receive a sentence of time serve to 23 months, follow by three yrs. probation. Upon the revocation of Judge Snite sentence on April 20, 2000, I was sentence to 6 months work release, with 6 months probation."
>
> b) "Conviction obtained by a violation of the protection against double jeopardy. On March 9, 2004, case CP#9512-0321 was place back on my record as a open case with a sentence of 23 months Max. Min. January 18, 2006 I receive a sentence again of 23 months Max. Min. on this open case. No judge imposed this sentence."

*Habeas Petition* [Docket Entry #1] at p. 9.

On September 7, 2006, the Superior Court affirmed Judge Snite's revocation of Petitioner's parole on the molestation case and recommitted him to prison to serve his backtime. *Id.* at Exhibit AA. It ruled that the issues Petitioner had raised were wholly frivolous and granted counsel's petition to withdraw.

On February 2, 2007, Respondents' filed a Consolidated Response to both petitions, alleging that Mr. Norment's petitions are untimely, the issues are not cognizable as federal claims suitable for federal habeas review, the claims are unexhausted, and the claims are without merit. *Respondents' Consolidated Response* at p. 9.

---

[4] For purposes of this Report & Recommendation, under the prison mailbox rule, I will accept July 12, 2006, as the date of filing. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

## DISCUSSION

I. <u>Timeliness</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA" or the "Act"], signed into law on April 24, 1996, significantly amended the laws governing habeas corpus petitions.  One of the amended provisions, §2244(d), imposes a one-year statute of limitations on state prisoners who seek federal habeas relief.  A habeas petition must be filed within one year of the date on which the petitioner's judgment of conviction becomes final by the conclusion of direct review or the expiration of the time seeking such review.  *See* 28 U.S.C. §2244(d)(1).

While the date on which the petitioner's conviction becomes final is typically the start date for the limitations period, the statute permits the limitation period to run from four different points in time, depending on which occurs latest.  In addition to the date on which the petitioner's conviction becomes final, the start date can also run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  *See* 28 U.S.C. §2244(d)(1)(A)-(D).

In the instant case, Petitioner was sentenced on August 14, 1996.  Mr. Norment did not pursue a direct appeal, so his conviction became final thirty days later, on September 13, 1996.  However, because he is challenging the January 18, 2006 sentence Judge Snite imposed for Petitioner's violation of the terms of his parole, the §2244 limitations period could not begin before that date.  January 18, 2006 is the date upon which the factual basis for Petitioner's claim was established, so it is also the start date for the §2244 limitations period.  Since Mr. Norment filed his habeas petition on July 12, 2006, timeliness is not at issue.

## II. Exhaustion/Procedural Default

The exhaustion rule, codified in 28 U.S.C. §2254, generally requires a federal court to postpone habeas corpus jurisdiction until "the applicant has exhausted the remedies available in the courts of the State." The exhaustion requirement is rooted in considerations of comity; the statute is designed to protect the role of the state court in enforcement of federal law and to prevent disruption of state judicial proceedings. *Rose v. Lundy*, 102 S.Ct. 1198, 1203 (1982); *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

In order to demonstrate compliance with the exhaustion requirement, a habeas petitioner must show that each claim which forms the basis of his federal habeas petition has been "fairly presented" to the state courts. *Castille*, 489 U.S. at 351 (1989); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Absent exceptional circumstances, the petitioner must first present all of his constitutional claims in the state system, through the highest state tribunal, before seeking relief in federal court. *Picard*, 404 U.S. at 275 (1971); *Swanger v. Zimmerman*, 750 F.2d 291 (3d Cir. 1984). The burden is on the habeas petitioner to establish that he has fairly presented his federal constitutional claims (both facts and legal theory) to all levels of the state judicial system. *Gattis v. Snyder*, 278 F.3d 222, 231 (3d Cir. 2002)(*quoting Evans v. Court of Common Pleas*, 959 F.2d 1227, 1231 (3d Cir. 1992), *cert. petition dismissed*, 506 U.S. 1089 (1993), "[b]oth the legal theory and the facts underpinning the federal claim must have been presented to the state courts … and the same method of legal analysis must be available in the state court as will be employed in the federal court.").

However, a federal court may **deny** a habeas petition on the merits notwithstanding the petitioner's failure to exhaust state remedies. 28 U.S.C. §2254(b)(2).

*See Burkett v. Love*, 89 F.3d 135, 138 (3d Cir. 1996).

An unexhausted habeas claim becomes procedurally defaulted when the petitioner has no additional state remedies available to pursue the issue. *Wenger v. Frank*, 266 F.3d 218, 223-224 (3d Cir. 2001)(when a claim has not been fairly presented to the state courts, but further state court review is clearly foreclosed under the state law, the claim is procedurally defaulted and may be entertained in a federal habeas petition only if there is a basis for excusing the procedural default), *cert. denied*, 122 S.Ct. 1364 (2002).

Procedural default also occurs when an issue is properly asserted in the state system, but is not addressed on the merits because of an independent and adequate state procedural rule. *Sistrunk v. Vaughn*, 96 F.3d 666, 673 (3d Cir. 1996) and *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999)("If the final state court presented with a federal claim refused to decide its merits based on an established state rule of law independent of the federal claim and adequate to support the refusal, federal habeas is foreclosed unless there is cause and prejudice or a showing of innocence."). Procedural default may be excused if the habeas petitioner can show "cause" for the default and "prejudice attributable thereto," or demonstrate that the failure to consider his claim will result in a "fundamental miscarriage of justice." *Wenger*, 266 F.3d at 224 and *McCandless*, 172 F.3d at 260.

Even giving Petitioner's claims a fair reading, it is unreasonably difficult to determine precisely what Mr. Norment is alleging. However, it is clear that Petitioner only raised two issues for appeal in the Pennsylvania State Court system, and the two claims he asserts in the instant petition are undeniably different. Therefore, Petitioner has failed to exhaust his available state court remedies.

At this point, any attempt by Petitioner to return to the state courts to raise these claims would be futile. The PCRA includes a one-year statute of limitations, running from the date on which a petitioner's conviction becomes final. *See* 42 Pa.C.S.A. §9545(b)(1).[5] Although the PCRA also provides an exception that excuses the limitation period where "the facts upon which the claim is based were unknown to the petitioner and could not have been discovered through due diligence," *Lambert v. Blackwell*, 134 F.3d 506, 523-524 (3d Cir. 1997), *cert. denied*, 532 U.S. 919 (2001), any petition invoking this exception has to be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. §9545(b)(2). Therefore, even if January 18, 2006 was determined to be the start date for the limitations period, Mr. Norment would have had to have filed a PCRA petition by March 19, 2006. Any PCRA petition which Mr. Norment might now attempt to file would be untimely. *See Whitney v. Horn*, 280 F.3d 240, 251 (3rd Cir. 2002)(The Pennsylvania Supreme Court has made it clear that the PCRA statute of limitations "is a jurisdictional rule that precludes consideration on the merits of any untimely PCRA petition, and it is strictly enforced in all cases, including death penalty cases.")(*citing Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638 (1998) and *Commonwealth v. Banks*, 556 Pa. 1, 726 A.2d 374 (1999)).

Accordingly, I find that Petitioner is foreclosed from seeking further PCRA review and that these claims are procedurally defaulted for habeas purposes. I see nothing in the record before me, nor does Mr. Norment make a showing, to support a

---

[5] "A conviction becomes final for PCRA purposes at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." *Whitney v. Horn*, 280 F.3d 240, 251 (3d Cir. 2002)(*quoting Lines v. Larkins*, 208 F.3d 153, 164 (3d Cir. 2000), *cert. denied*, 537 U.S. 1195 (2003).

11

finding of cause and prejudice, or a miscarriage of justice, to excuse this procedural default.[6]

### RECOMMENDATION

For the reasons stated above, it is recommended that Mr. Norment's Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254, be DENIED AND DISMISSED WITHOUT AN EVIDENTIARY HEARING.  It is further recommended a finding be made that there is no probable cause to issue a certificate of appealability.

BY THE COURT:


S/M.  FAITH ANGELL
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

---

[6] Even if Mr. Norment's petition was not procedurally defaulted, he would not be entitled to federal habeas corpus relief.  Petitioner's first claim presents no issue for this Court's consideration.  In his second claim, Petitioner argues that he was sentenced twice for the same crime, in violation of the Double Jeopardy clause.  This claim is without merit.  Petitioner was sentenced on April 6, 2004 and on January 18, 2006 for two separate occasions on which he violated the terms of his parole.  He was not prosecuted or sentenced twice for the same offense.  He is simply being required to complete his sentence for a single offense.